IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM E. COREY AND U.S.
ENTERPISES, INC.,

*Plaintiffs,*

v.

ROCKDALE COUNTY, a political
subdivision of the STATE OF
GEORGIA, OZ NESBITT, SR.,
SHERRI L. WASHINGTON and
DOREEN WILLIAMS,
INDIVIDUALLY and as THE BOARD
OF COMMISSIONERS of
ROCKDALE COUNTY and
KALANOS JOHNSON IN HIS
CAPACITY AS DIRECTOR OF
PLANNING and DEVELOPMENT OF
ROCKDALE COUNTY,

*Defendants.*

Civil Action File No:

## **COMPLAINT**

**COMES NOW,** William E. Corey and U.S. Enterprises, Inc., and complain

against Rockdale County, a political subdivision of the State of Georgia, Oz

Nesbitt, Sr., Sherri L. Washington, and Doreen Williams in their individual

capacities and as the Board of Commissioners of Rockdale County, and Kalanos

- 1 -

Johnson in his capacity as Director of Planning and Development of Rockdale County and show the Court the following:

## PARTIES

1.

U.S. Enterprises, Inc. (hereinafter "Enterprises") is a business corporation existing under the laws of the State of Georgia and is in good standing. Enterprises is authorized to bring and maintain this action.

2.

William E. Corey (hereinafter "Corey") is a natural person residing in Rockdale County and the State of Georgia. Corey is entitled to bring and maintain this action.

3.

Rockdale County is a political subdivision of the State of Georgia created by 1870 Ga. Laws 16.

4.

Oz Nesbitt, Sr., Sherri L. Washington, and Doreen Williams (hereinafter respectively "Nesbitt", "Washington" and "Williams") are collectively the Board of Commissioners (hereinafter "Board" or "Board of Commissioners"). This action is brought against the named persons in their individual and official capacities.

5.

Kalanos Johnson (hereinafter "Johnson") is the Director of Planning and Development of Rockdale County. This action is brought against him in his official capacity seeking injunctive relief only.

6.

All the Defendants may be served pursuant to F.R.C.P. 4 at:

962 Milstead Avenue
Conyers, Georgia 30012

## JURISDICTION

7.

This cause is brought for injunction, damages, and attorney's fees.

8.

Jurisdiction is proper pursuant to 28 U.S.C. 1331 as this action alleges violations of Article VI, ¶ 2 of the Constitution of the United States, the Fifth and Fourteenth Amendments to the Constitution, and the laws of the United States.

9.

Jurisdiction is also proper pursuant 42 U.S.C. 1983 *et. seq.* as this action seeks redress for the violation of rights guaranteed by the Constitution and the laws of the United States of America.

## VENUE

10.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. 1391(b) in that the Defendants all reside in the Northern District of Georgia, and the acts which are alleged herein giving rise to the causes of action all occurred in the Northern District.

11.

The Atlanta Division of the Northern District of Georgia is the proper Division of the Northern District of Georgia pursuant to 28 U.S.C. 90(a)(2) in that Rockdale County is in the Atlanta Division.

## FACTS

12.

Enterprise and Corey are owners of a parcel of land at the southwestern intersection of Interstate 20 and Sigman Road in Rockdale County Georgia.

13.

This property (hereinafter "Property") was acquired by Corey and Enterprise at different times as follows:

  a.   Limited Warranty Deed dated August 9, 1996 and recorded in the records of the Clerk of the Superior Court of Rockdale County in deed book 1266 folio 118-130.

b.   Limited Warranty Deed dated August 15, 1996 and recorded in the records of the Clerk of the Superior Court of Rockdale County in deed book 1266 folio 171-173.

c.   General Warranty Deed dated July 7, 2006 and recorded in the records of the Clerk of the Superior Court of Rockdale County in deed book 3935 folio 98-100.

The deeds and description of the Property of Corey and Enterprises are attached hereto and incorporated by reference herein as Exhibit A.

14.

Corey and Enterprises because of the ownership of the Property have a concrete financial interest which has been impaired and therefore grants to Corey and Enterprises standing to bring and maintain this action.

15.

The Property is located within one mile of the Dwight D. Eisenhower System of Interstate and Defense Highways which is part of the National Network of Roads.

16.

The Property consists of approximately thirty-five acres.

17.

On November 14, 1996, the Property was zoned C-2 by the Board of Commissioners of Rockdale County.

18.

C-2 zoning allows general commercial activities including a convenience store with the sale of petroleum products including the sale of gas and diesel fuel.

19.

In May of 1999, a representative of Corey and Enterprises officially inquired of the Rockdale County Department of Public Services and Engineering whether a truck stop on the Property was an authorized use.

20.

On June 8, 1999, Lawrence K. Kaiser, P.E., Director of the Rockdale County Department of Public Services and Engineering, responded in writing to the representative that a truck stop was not a permitted use under the C-2 zoning even though fuel sales were so allowed.

21.

Kaiser relied upon the zoning ordinance in effect at the time which stated as follows:

> Section 6-3010 [N]o land, building or structure shall be used except in accordance with the uses permitted by the following table of permitted uses. Permitted uses are indicated in this Section. Any use not specifically designated as permitted shall be deemed to be prohibited.

22.

Kaiser reasoned that since a truck stop was not listed in the uses of C-2, though a convenience store with fuel sales was allowed, the truck stop was not an allowed use.

23.

Corey and Enterprises proposed a text amendment to the zoning ordinance which would allow truck stops within C-2 zoning.

24.

This text amendment was advertised and considered by the Board of Commissioners on July 27, 1999, as Ordinance 1999-13.

25.

In the adoption of Ordinance 1999-13 on July 27, 1999, the Board of Commissioners amended the zoning code to allow truck stops only in M-2 zoning districts, not where fuel was otherwise sold adjacent to major thoroughfares as allowed in C-2 zoning. By the passage of the truck stop ordinance no property in Rockdale County could feasibly be developed as a truck stop.

26.

M-2 zoning districts limits uses to general industrial which are generally located in sparsely developed areas.

27.

Prior to the limitation of truck stops to M-2 zoning, on July 22, 1999, Corey and Enterprises filed a Development Permit Application with Rockdale County for a permit allowing the servicing of automobiles and heavy trucks. The Property consisted of approximately 25 acres at this time.

28.

The application sought approval for a Travel Plaza which would allow the sale of fuel to both automobiles and trucks as the Plaintiffs contended their project was not a truck stop and met the requirements of the zoning ordinance then in effect.

29.

The application was returned to Plaintiffs because "the proposed uses of the site" were not set forth.

30.

A mandamus action was brought by Plaintiffs against the Board of Commissioners and others seeking to require the consideration of the application for a Travel Plaza.

31.

The trial court denied the mandamus on the basis the application was incomplete, and Director Kaiser was not under an absolute duty to accept the uncompleted application.

32.

Corey and Enterprises had an agreement with Petro, Inc. for the ground lease of the 25 acres which was voided because of the action of Rockdale County and its officials.

33.

Plaintiffs suffered a financial loss as a result of the actions of Rockdale County and its officials.

34.

In hopes of developing the Property to its highest and best use, that of a convenience store which sold fuel to automobiles and heavy trucks, Corey and Enterprises paid on September 1, 2004, to Rockdale County the sum of $140,000 for sewer capacity to serve the Property.

35.

Plaintiffs continued to improve and enlarge the Property. They purchased 9.34 acres of adjacent property on July 7, 2006. See ¶ 13(c). This purchase allowed Corey and Enterprises to locate closer to the interstate highway.

36.

In 2006, the Board of Commissioners considered a rewrite and adoption of a comprehensive zoning and development ordinance (Ordinance O02006-32) and titled it the Uniform Development Ordinance. (hereinafter "UDO")

37.

On November 14 and 28, 2006 the Board of Commissioners considered the UDO.

38.

On November 28, 2006 the Board of Commissioners adopted the UDO.

39.

Codified within the UDO is section 214-11 which states in relevant part as follows:

> Truck stops are prohibited. Furthermore, no adjoining or adjacent uses shall be physically connected or used so as to effectively create a truck stop.

40.

Codified within the UDO is also section 106-1 which defines "truck stop as follows:

> *Truck stop:* A prohibited use that includes any building, premises, or land in which or upon which a business, service, or industry involving the maintenance, servicing, storage, or repair of **heavy trucks and similar commercial vehicles** is conducted or rendered, including the dispensing of motor fuel or other petroleum products **primarily for such heavy trucks and similar commercial vehicles** *and* the sale of accessories or equipment for heavy trucks and similar commercial vehicles, *as well* **as overnight accommodations, showers, overnight customer parking, or restaurant facilities for the use of crews of heavy trucks and similar commercial vehicles.** (emphasis supplied)

41.

The passage of the UDO and the total prohibition of a truck stop as defined above evidenced the continuing intent of Rockdale County and its officials to thwart Corey and Enterprises from developing a convenience store serving both automobiles and trucks with fuel and food. This intent was manifested in the actions of Rockdale County despite the Property being located immediately at a full diamond exit off Interstate 20 which is a part of the National Network. The Property is within a thousand feet of the interstate.

42.

In January 2018, Corey and Enterprises entered into an agreement with QuikTrip to construct a Travel Plaza on 6.7 acres of the Property located at 2527 SW Sigman Road, Conyers, Georgia 30094. This 6.7 acres is surrounded by the other parcels of the Property which are also zoned C-2. The Plaintiffs were to receive rental payments for the ground lease of the 6.7 acres pursuant to the agreement with QuikTrip.

43.

The Property, and especially the 6.7-acre tract, is located at a full diamond interchange of Interstate 20 and Sigman Road.

44.

Sigman Road is a heavily traveled major commercial corridor that contains service stations and convenience stores serving both automobiles and trucks, including heavy trucks.

45.

As stated *supra* C-2 zoning allows a convenience store and gasoline station.

46.

UDO section 106-1 (b)(4) states as follows in regard to definitions in the

UDO:

> All remaining words used in the UDO are intended to have the
> commonly accepted definitions contained in a recent edition of the
> Merriman-Webster Dictionary.

47.

The most recent definition of "gasoline" in Merriman-Webster Dictionary is

as follows:

> a volatile flammable liquid hydrocarbon mixture used as a fuel
> especially for internal combustion engines and usually blended from
> several products of natural gas and petroleum.

48.

" 'Diesel fuel' is the standard liquid fuel for stationary gas turbines, due to

the good storage and combustion properties. It is a product from crude oil in the

distillation window between 200 °C and 350 °C. It consists of approximately 75%

aliphatic hydrocarbons ($C_{10}H_{20}$–$C_{15}H_{28}$) and about 25% aromatic hydrocarbons."

https://www.sciencedirect.com/topics/chemistry/diesel-

fuel#:~:text=(a)%20Diesel%20or%20fuel%20oil&text=It%20consists%20of%20a

pproximately%2075,oil%20source%20and%20cleaning%20quality.(accessed

September 14, 2022)

49.

Diesel fuel is therefore gasoline under the definitions of the UDO.

50.

Section 218-13(aa) of the UDO sets forth the standards for a gasoline

station with a convenience store within the C-2 zoning category as follows:

*Gasoline station and gasoline station with convenience store.*

1.  The use shall not be established on any lot that is adjacent to any residential district.
2.  The use shall not be within 100 feet of a residential district.
3.  All repair and maintenance activities shall be carried on entirely within an enclosed building.
4.  Outdoor storage is prohibited.
5.  Only minor automotive repair and maintenance is allowed and shall be confined within the principal structure, out of public view.
6.  The use shall have a minimum frontage on the primary street of 150 feet and shall meet the applicable minimum lot size requirement found in section 214-1.
7.  Gas pumps, canopies, air hoses and other accessories, appurtenances and equipment shall be set back at least 25 feet from the right-of-way.
8.  Vehicular entrances or exits:

    a. Shall not be allowed more than one curb cut for the first 200 feet of street frontage.

    b. Shall contain an access width along curb line of the street of not more than 35 feet, as measured parallel to the street at its narrowest point and shall not be located closer than 50 feet to a street intersection or closer than ten feet to the adjoining property.

c. Shall provide for adequate acceleration and deceleration lanes, if required by the Georgia Department of Transportation or Rockdale County.

9. All drives, parking, storage and service areas shall be paved and curbed.

10. Outside above-ground tanks for the storage of gasoline, liquefied petroleum gas, oil, and other flammable liquids or gases shall be prohibited at any gasoline service station.

11. Overnight accommodations, showers, and overnight customer parking are prohibited.

12. The use shall not be combined with any other use(s) or facility so as to create a truck stop. See section 106-1.

51.

Despite the fact QuikTrip in the construction of store 1707 on the 6.7 acres intended to meet all these requirements, Rockdale County and its officials contended the QuikTrip was a truck stop and therefore prohibited in Rockdale County.

52.

The plans of QuikTrip for construction on the 6.7-acre tract of the Plaintiffs called for the construction of a convenience store of with a separation of fueling stations for automobiles and heavy and light trucks.

53.

The plans also showed QuikTrip would construct on the 6.7-acre tract a state of the art convenience store of approximately 7,000 square feet, 18 to 20 gasoline dispensers in the front of the convenience store for automobiles, and 6 to 8 diesel fuel dispensers for heavy trucks, truck scales, customer parking for 60 to 70 automobiles, and truck parking for 10 trucks. The 10 parking spaces for trucks was further orally described to Rockdale County by QuikTrip as short term and no overnight parking. See Exhibit B attached hereto and incorporated herein.

54.

Plaintiffs contended the proposed construction was not a truck stop, as it was primarily designed to accommodate automobiles, but did have larger turning radius areas for trucks and higher canopies to accommodate trucks primarily traveling in interstate commerce.

55.

The proposed QuikTrip store did not have overnight accommodations for truck crews or showers. Snack food would be available as a takeout as in all QuikTrip stores.

56.

Plaintiffs employed an attorney with experience in zoning and planning matters, who in May 2018, met with Kc M. Krizic, who was at the time the Director of the Planning and Development Department of Rockdale County.

57.

Krizic informed the attorney for Plaintiffs, the QuikTrip plans could not be approved because of the truck scales, but she was of the opinion the Board of Commissioners would favorably entertain a text amendment to the UDO creating a "Travel Plaza" category which would accommodate the QuikTrip store.

58.

Counsel for Plaintiffs and Rockdale County jointly worked together to draft a Travel Plaza text amendment which contained in relevant part the following provisions:

1. The site must be a minimum of four acres in size.
2. The site must be located within 1,000 feet of an interstate highway, which includes on and off ramps.
3. If adjacent to a residentially zoned or residentially utilized property, a 100 feet wide natural or landscaped bluffer shall be planted.
4. Maximum lot coverage shall be 75 feet.
5. Any heavy truck fueling bays/pumps and parking spaces shall be located to the rear of the building.

6.     There shall be more fuel pumps for automobiles and light-duty trucks than for heavy-duty trucks and tractor-trailers.

7.     All primary and accessory structure(s) shall be limited to one (1) story in height.

8.     All primary and accessory exterior building materials shall be constructed of brick, stone, stucco, or similar building materials as approved by the Director.

9.     All canopy support structures shall be constructed of brick or stone.

10.    Dumpsters shall be screened on three (3) sides by a brick or stone wall and have opaque closeable height and material to adequately conceal them.

11.    A traffic study shall be submitted identifying that all public roadway connection at any road frontage is capable of handling heavy truck traffic. If traffic study identifies any deficiencies, all roadway and signalization upgrades shall be completed.

59.

Corey and Enterprises encouraged the Planning Commission and the Board of Commissioners to adopt the proposed amendment allowing a Travel Plaza for QuikTrip on the 6.7 acres.

60.

On October 11, 2018, the Planning Commission recommended to the Board of Commissioners the approval of the Travel Plaza amendment to the UDO.

- 18 -

61.

On November 20, 2018, the Board of Commissioners unanimously defeated the amendment allowing a Travel Plaza zoning category.

62.

Again, the actions of the Rockdale County and its officials thwarted the highest and best use of the Property of the Plaintiffs and caused financial harm to them.

63.

On August 20, 2019, Corey and Enterprises applied to the appropriate officials of Rockdale County for a land disturbance permit (hereinafter "LDP") to allow the development of 6.7 acres of the 35 acres for QuikTrip Corporation to erect a convenience store on the said parcel. A copy of the application for a land disturbance permit is attached hereto and incorporated herein as Exhibit C.

64.

The application set forth a plan for a convenience store of approximately 7,000 square feet, 18 to 20 gasoline dispensers in the front of the convenience store for automobiles, and 6 to 8 diesel fuel dispensers for heavy trucks, truck

scales, and customer parking for 60 to 70 automobiles and truck parking for 10 trucks.

65.

On September 4, 2019 the officials of Rockdale County rejected the application of Enterprise and Corey for the LDP on the basis the application sought to construct a truck stop which was prohibited by the truck stop ordinance of Rockdale County. A copy of such rejection is attached hereto and incorporated by reference herein as Exhibit C page 26.

66.

Section 238-7 of the Uniform Development Ordinance of Rockdale County creates the Board of Adjustment (hereinafter "BOA") to hear and decide appeals "where it is alleged by the appellant that there is error in any final order, requirement or decision made by an administrative official based on or made in the enforcement of the UDO".

67.

On September 19, 2019 Corey and Enterprises filed an appeal to the Board of Adjustment. A copy of such appeal is attached hereto and incorporated herein as Exhibit D.

68.

On November 4, and December 2, 2019, the BOA heard the appeal of Corey and Enterprises from the decision of the Planning and Zoning Director that the application for the LDP was a truck stop and therefore was prohibited by the UDO.

69.

The BOA under Georgia law sits in a quasi-judicial capacity. See, *RCG Properties, LLC v. City of Atlanta Bd. of Zoning Adjustment,* 260 Ga. App. 355, 579 S.E.2d 782 (2003).

70.

As an administrative hearing the Georgia Rules of Evidence applies to such hearings. See, *O.C.G.A. § 24-1-2(d)*.

71.

At the BOA hearing, the procedure established the BOA had only 10 minutes to allow the Plaintiffs to present their case. The rules of evidence were not followed.  There was introduced for consideration an affidavit of which there was no prior notice, and the Plaintiffs could not cross examine the affiant or the persons who spoke on behalf of Rockdale County. Lastly, the general public (30 persons

signed up to speak) were allowed to speak, and several times spoke loudly from the audience. All these actions deprived the Plaintiffs of procedural Due Process.

72.

At the hearing on November 4, 2019, counsel for Plaintiffs introduced into evidence photographs of other existing service stations/convenience stores in Rockdale County (one on the east side of the I-20 on Sigman Road, the same road as the 6.7 acres) showing the servicing of heavy trucks at such establishments.

73.

At the December 2, 2019, BOA hearing Mr. Hammons, a member of the BOA, commented as follows as to the photographs:

```
5          MR. HAMMONS:  And one other comment about
6          some of the pictures that the applicant provided.
7          There's a picture of what appears to be a motor
8          truck pull into a gas station at the corner of
9          Sigman and Covington, and that truck is coming
10         from a local business less than a mile away.  It
11         pulls into that gas station on the corner, barely
12         fitting into the gas station because it's not a
13         truck stop.  It's a gas station.  The truck
14         barely fit in the picture.  And that's his last
15         -- he's getting fuel as he hits the road to leave
16         Rockdale County.  So I don't think that you can
17         compare that gas station with anything like QT's
18         asking to put over there. (emphasis supplied)
```

74.

A reasonable inference from the facts alleged is that the BOA had a bias or animus against trucks engaged in interstate commerce.

75.

On December 2, 2019, the Board of Adjustment denied the appeal of Petitioners. A copy of said denial of the Board of Adjustment is attached hereto and incorporated by reference herein as Exhibit E.

76.

On December 23, 2019, Plaintiffs filed in the Superior Court of Rockdale County a Petition for Certiorari, Mandamus, Injunction, Declaratory Judgment and Attorney Fees to review the decision of the BOA.

77.

As part of the filed Petition, Corey and U.S. Enterprises reserved jurisdiction of the claims raised in this Complaint to this Court as follows:

> No claim is made pursuant to the Constitution of the United States or the laws of the United States. Such action, including damages, are reserved for the appropriate courts of the United States.

78.

The above federal jurisdiction reservation is allowed pursuant to *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S. Ct. 461(1964) and *Jennings v. Caddo Parish School,* 531 F.2d 1331 (5th Cir. 1976).

79.

On August 7, 2020, the Superior Court of Rockdale County dismissed all the claims except for certiorari review of the decision of the BOA based on the evidence at the BOA.

80.

On September 4, 2020 the Superior Court of Rockdale County granted a facial Due Process challenge brought under the 1983 Constitution of Georgia, holding the definition of truck stop was impermissibly vague and uncertain.

81.

An appeal was taken to the Supreme Court of Georgia by Rockdale County.

82.

On November 2, 2021, the Supreme Court of Georgia reversed the trial court and construed the truck stop definition without finding it violated the Georgia Due Process clause. See, *Rockdale County v. U.S. Enterprises, Inc.,* 312 Ga. 752, 865 S.E.2d 135 (2021).

83.

The Supreme Court of Georgia ordered the case remand to the trial court to determine if the denial of the LDP "was not supported by substantial evidence."

84.

On remand a hearing was held by the trial court and the Superior Court judge ruled on April 1, 2022, in a "Final Order" there was substantial evidence the QuikTrip project was a truck stop under the zoning ordinance of Rockdale County. A copy of the "Final Order" is attached as Exhibit F.

85.

At no time has either the Trial Court or the Supreme Court of Georgia decided the issues contained in this complaint based on an analysis of the Constitution and the laws of the United States.

86.

An application for discretionary review of the order of the Trial Court was made to the Georgia Court of Appeals which was denied on May 31, 2022.

87.

A petition for certiorari was filed in the Supreme Court of Georgia on June 16, 2022 and is pending.

88.

It is apparent from the facts stated *supra* Rockdale County has reached a final decision not to allow the fueling and servicing of tractor trailer trucks on the 6.7 acres.

89.

On June 21, 2021, after the initial certiorari hearing where the deficiencies of the truck stop ordinance were pointed out, the Board of Commissioners passed an ordinance amending the heavy truck and truck stop prohibition which such ordinance states in relevant part as follows:

> Section 106-1 *Truck stop*
>
> A gasoline station or gasoline station with convenience store that dispenses diesel or any other fuel or petroleum product used by heavy trucks, and which includes one or more of the following additional facilities:
>
> (1)   A parking designated for use by heavy trucks.
> (2)   Weight scales designed for use by heavy trucks.
> (3)   A raised canopy used primarily or exclusively by heavy trucks to dispense diesel or other heavy truck fuel that is separate or distinct from the canopy or area used to dispense fuel to cars.
> (4)   A restaurant or fast-food restaurant which includes either dine-in facilities or a drive-through window or both.
> (5)   Facilities for the maintenance and/or repair of heavy trucks.
> (6)   Facilities for the overnight storage of heavy trucks.
> (7)   Shower facilities made available to crews of heavy trucks.
> (8)   Graded hard surface areas designed specifically to accommodate the wide turning radius utilized by heavy trucks.

(9)    Specifically designed entrances and exits to accommodate access by numerous heavy trucks and/or

(10)   Any other specialized facility or amenity designed specifically for the use of heavy trucks and/or the crews of heavy trucks.

Truck stops are a prohibited use. Any MPD's (Multi-Product Dispenser) having a flow rate faster than 5 gallons per minute shall be prohibited.

90.

The action of the Board of Commissioners was a law, protocol or policy by Rockdale County to deny access to the interstate highway system by heavy trucks.

91.

Corey and Enterprises have an ownership and financial interest in the Property.

92.

Corey and Enterprises have suffered an injury in that they have been prohibited from using the Property to service heavy trucks. Corey and Enterprises have sought to sell the Property to potential purchasers over the years and have been unsuccessful because of the action of Rockdale County and its officials.

93.

The action of this Court in granting an injunction and awarding damages will fairly redress the harm the Defendants have suffered.

## COUNT I

### INJUNCTION AGAINST ROCKDALE COUNTY AND ALL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES PURSUANT TO THE PREEMPTION OF THE TRUCK STOP ORDINANCE BY THE SURFACE TRANSPORTATION ASSISTANCE ACT

94.

This Count is brought alleging a preemption of the truck stop ordinance by the Surface Transportation Surface Assistance Act (hereinafter "STAA"), *96 Stat.2097 (1982)*.

95.

The Supremacy Clause of the Constitution of the United States as found in Article VI, paragraph 2, provides that federal law prevails over state law.

96.

The STAA preempts, and therefore prevails, over a state or local law to the extent the local law conflicts with federal law.

97.

The STAA is a valid exercise by Congress in the regulation of interstate commerce pursuant to Article I, Section 8, Clause 3 of the Constitution of the United States.

98.

Issues concerning the Supremacy Clause are a matter of a federal question for which 28 U.S.C. 1331 provides jurisdiction to the courts of the United States. See, *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 103 S. Ct. 2890 (1983) ( "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, ... presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.") *Id.* at 96 n. 14, 103 S.Ct. at 2899.

99.

The prohibition of truck stops pursuant to an ordinance of Rockdale County conflicts with the STAA. Jurisdiction is therefore proper pursuant to 28 U.S.C § 1331 as the Supremacy Clause is applied to a local ordinance of Rockdale County.

100.

The STAA at 49 U.S.C.A. § 31114 states in relevant part:

(a) Prohibition on denying access. – A State may not enact or enforce a law denying to a commercial motor vehicle subject to this subchapter or subchapter 1 of the chapter reasonable access ***between***—

    ***(1)*** the ***Dwight D. Eisenhower System of Interstate and Defense Highways*** (except a segment exempted under section 31111(f) or 31113(e) of this title) and other qualifying Federal-aid Primary System highways designed by the Secretary of Transportation; ***and***

    (2) terminals, ***facilities for food, fuel, repairs, and rest,*** and points of loading and unloading for household goods carriers, motor carriers of passengers, any towaway trailer transporter combination (as defined in section 31111(a)), or any truck tractor-semitrailer combination in which the semitrailer has a length of not more than 28.5 feet and that generally operates as part of a vehicle combination described in section 31111(c) of this title.

(b) Exception. —This section does not prevent a State or location government from imposing reasonable restrictions***, based on safety considerations***, on a truck tractor-semitrailer combination in which the semitrailer has a length of not more than 28.5 feet and that generally operates as part of a vehicle combined described in section 31111(c) of this title. (emphasis supplied)

101.

Reasonable access is defined in 23 C.F.R. § 658.19 which states in relevant part as follows:

(a) ***No State may enact or enforce any law denying reasonable access to vehicles with dimensions authorized by the STAA between the NN and terminals and facilities for food, fuel, repairs, and rest***…

(c) Nothing in this section shall be construed as preventing any State or local government from imposing any reasonable restriction, ___**based on safety considerations,**___ on access to points of loading and unloading by any truck tractor-semitrailer combination in which the semitrailer has a length not to exceed 28 ½ feet and which generally operates as part of a vehicle combination described in §§ 658.13(b)(5) and 658.15(a).

(d) ___**No State may enact or enforce any law denying access within 1 road-mile from the National Network using the most reasonable and practicable route available except for specific safety reasons on individual routes.**___

(e) ___**Approval of access for specific vehicles on any individual route applies to all vehicles of the same type regardless of ownership. Distinctions between vehicle types shall be based only on significant, substantial differences in their operating characteristics.**___ (emphasis supplied)

102.

The Property of Plaintiffs is located within one mile of Interstate 20, in fact it is located within 1,000 feet of such interstate.

103.

Corey and Enterprises are within the zone of interest of the STAA as they own real property within one mile from an interstate highway and have suffered an injury in fact in not being able to use their property to service heavy trucks and are restricted to the service of automobiles only. The injury is a financial one which prohibits the full use of the Property by the Plaintiffs and is caused by the truck stop ordinance.

104.

The Property is sufficiently large and designed to accommodate heavy trucks and automobiles. The QuikTrip project described *infra* is proposed with larger turning areas, separation of truck and automobile traffic, separated parking of trucks and automobiles, raised canopies for trucks, and other amenities which are specially designed to allow the servicing of both automobiles and trucks.

105.

Rockdale County has not prohibited heavy trucks based on a specific safety reason of the location of the Property and could not legally do so since it is within one mile of an interstate highway.

106.

The prohibition of allowing a heavy truck to access fuel, food, and repair when automobiles are allowed to do so is a violation of the STAA in that reasonable access to a facility for fueling, food, and rest is denied to vehicles in interstate commerce as they will not be allowed to access the QuikTrip facility at all.

107.

The imposition of more restrictive impediments to reasonable access have been held to be a denial to access pursuant to the STAA. See, *Hanscom's Truck*

*Stop, Inc. v. City of Portsmouth*, 1998 U.S. Dist. LEXIS 18059 (D. NH. 1998). (truck stop limitation as to time a tractor trailer truck and refrigerator units can remain running preempted by STAA); *Aux Sable Liquid Products v. Murphy,* 526 F. 3d. 1628 (7th Cir. 2008)(limitation of 14,000 pounds for trucks on local road servicing a terminal within 5 miles of the interstate preempted by STAA); *Commercial Warehouse Leasing, LLC v. Thomas in his capacity as Secretary of the Kentucky Transportation Cabinet and in his individual capacity*, 2019 W.L 187872 (W.D. Ky 2019)(condemnation of entrance to terminal violated STAA even when alternative entrance remained).

108.

Corey and Enterprises are entitled to a preliminary and permanent injunction prohibiting Rockdale, the named Defendants and those acting at the direction or in concert with such persons from enforcing the truck stop ordinance in the original Section 106-1 of the UDO as amended on June 22, 2021; Section 218—13(aa)(12) of the UDO or any other provision of the UDO or any ordinance, policy, protocol, regulation, or which would prohibit heavy trucks from being serviced on the Property of the Plaintiffs.

109.

The Plaintiffs have a substantial likelihood of prevailing on the merits of the STAA pre-emption of the truck stop prohibition on the Property of the Plaintiffs.

110.

Irreparable injury is present as this Count is based on the Supremacy Clause of the Constitution of the United States and the ordinance violates a pre—emption by an Act of Congress.

111.

There is great harm to the Plaintiffs and no harm to the Defendants from the issuance of an injunction.

112.

The issuance of the injunction will not be averse to the interests of the public as the Congress has determined the zone of interest of the STAA to include the Plaintiffs.

## COUNT II

## CLAIM PURSUANT TO 42 U.S.C. § 1983 *et. seq.* AGAINST ROCKDALE COUNTY AND THE INDIVIDUAL DEFENDANTS, EXCEPT FOR KALANOS, IN THEIR INDIVIDUAL CAPACITIES

113.

This Count is brought pursuant to 42 U.S.C. § 1983 *et seq* for the redress of rights guaranteed under the Constitution and the laws of the United States.

114.

This Count alleges violations of the Fifth and Fourteenth Amendments of the Constitution providing no property shall be taken or impaired without the payment of just compensation.

115.

This Count also alleges violations of Due Process both procedural and substantive as guaranteed by the Fifth and Fourteenth Amendments to the Constitution.

116.

This Count also alleges a violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

117.

This Count further alleges a violation by the Defendants of the laws of the United States in that the Plaintiffs are within the zone of interest of the Surface Transportation Assistance Act and have suffered a financial loss from such violation.

118.

42 U.S.C. § 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

119.

A person under 42 U.S.C. § 1983 includes Rockdale County.

120.

Rockdale County has established by ordinance a prohibition of truck stops even when located within one mile of the National Network and Dwight D. Eisenhower System of Interstate and Defense Highways.

121.

The ordinances of Rockdale County prohibiting the servicing of trucks are an ordinance, regulation, and policy which deprives Corey and Enterprises of a right guaranteed by the Constitution in that the ordinance deprives Plaintiffs of their use of their property by prohibiting the servicing of trucks at a facility for fueling, food and rest even though automobiles traveling in interstate commerce can access such facility.

122.

The truck stop ordinance is therefore a taking without just compensation as prohibited by the Constitution.

123.

The policy of the Defendants, except Kalanos, in implementing the truck stop ordinance by not enforcing the truck stop ordinance against other established

service stations and convenience stores but enforcing the same against the Plaintiffs is a violation of equal protection as guaranteed by the Constitution.

**A. <u>VIOLATION OF THE FIFTH AND FOURTH AMENDMENT PROHIBITING THE TAKING OF PROPERTYWITHOUT JUST COMPENSATION AGAINST ALL DEFENDANTS, EXCEPT KALANOS, IN THEIR INVIDUAL CAPACITIES</u>**

124.

The "Final Order" of the Superior Court of Rockdale County for purposes of a Takings Claim under the Fifth and Fourteenth Amendment is a final disposition of the state claim regarding the Property.

125.

The thwarting for over twenty years the development of a facility which is properly zoned for a convenience store with fueling capabilities but prohibiting the fueling of heavy trucks, is clear and unambiguous, and the pursuit of any further administrative remedies would be futile. The allegations contained in this Count are therefore ripe for adjudication. See, *Palazzolo v. Rhode Island,* 533 U.S. 606, 620, 121 S. Ct, 2448 (2001) ("While a landowner must give a land-use authority an opportunity to exercise its discretion, once...the permissible uses of the property are known to a reasonable degree of certainty, a takings claim is likely to have ripened").

126.

The passage of the amended truck stop ordinance by the Board of Commissioners on June 21, 2021, is a final decision of Rockdale County which gives rise to a Takings Claim. See, *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 850 F.2d 1483 (11th Cir. 1988) ("In summary, the zoning ordinance that specifically targeted the plaintiff's property----over SGV's objection and without means of relief under Alabama law---was a final decision on the matter such that the case is ripe").

127.

The exhaustion of state remedies is not required in an action pursuant to 42 U.S.C. § 1983 only that there is a final decision or position showing to a reasonable certainty the position of Rockdale County regarding allowing the access of heavy trucks to the Property of the Plaintiffs. See, *Patsy v. Bd. of Regents of State of Fla.,* 457 U.S. 496, 516, 102 S. Ct. 2557 (1982) ("exhaustion of state administrative remedies [i]s not required as prerequisite to bringing an action pursuant to § 1983").

128.

Nearly 150,000 vehicles per day pass within one-quarter mile of the proposed QuikTrip convenience store. The vehicle count includes an increasing

number of heavy trucks entering Rockdale County to service the area's expanding commercial and industrial facilities. These trucks are vital to the smooth operation of the Conyers-Rockdale economy.[1]

129.

The Property is located at the last full intersection in Rockdale County of Interstate 20 West before its intersection with Interstate 285, and the first full intersection in Rockdale County after Interstate 285 on Interstate 20 East.

130.

The facilities to allow service food or rest in Rockdale and Newton County are limited to those who are pre-existing to the passage of the truck stop ordinance.

131.

There are no rest areas for heavy trucks in Rockdale, or Newton counties which are legally performing such services or were pre-existing to the passage of the truck stop ordinance.

---

[1] There are 3.6 million professional truck drivers in the United States and 391,724 in Georgia alone. The economic viability of the nation and Georgia depends on the delivery of goods by truck in interstate commerce. The recognition of the importance of this fact was the guiding intent of Congress in the adoption of the Surface Transportation Assistance Act.

132.

Professional drivers of heavy trucks traveling through Rockdale County must venture off the interstate to find restroom facilities or stores and restaurants for their use.

133.

The only way drivers can presently refuel and seek food is to utilize existing automobile service stations selling diesel fuel which convenience stores are not designed for heavy trucks and creates traffic hazards. Further, the unequal enforcement of the truck stop ordinance is the only way such fueling, and food services are presently provided.

134.

Development of the QuikTrip project on the Property will alleviate traffic and safety problems on county and city roads by allowing heavy trucks engaged in interstate commerce not to utilize the local roads to seek fuel, food, and rest. The proposed QuikTrip project is located at the intersection of a full diamond interchange of I-20 and a major arterial road being Sigman Road.

135.

There is no health or safety reason to prohibit heavy truck use of the Property.

136.

The use by heavy trucks at the Property will not burden local infrastructure as only a few hundred feet of Sigman Road will be used to access the QuikTrip project.

137.

The history of the ownership and efforts to sell the Property by Plaintiffs shows there is no other economically viable use of the Property except a convenience store serving both automobiles and light and heavy trucks.

138.

After its purchase in 1996, Corey and Enterprises have marketed the Property to no avail.

139.

In 1999, Plaintiffs entered into an agreement with Petro, Inc. to place a facility on the Property which would service automobiles and heavy trucks in Travel Center. This action was thwarted by the action of Rockdale County in passing of the truck stop ordinance.

140.

In 2009, Corey and Enterprises with the support of Rockdale County sought to entice Cancer Centers of America, Inc. to locate on the Property. This effort failed.

141.

In 2014, Corey and Enterprises entered into an option to purchase the Property with Cideco Development Company, Inc. to develop the Property as a large retail shopping centered anchored by a Kroger grocery store. Cideco did not exercise the option citing the project was not economically viable due to the limited density in the area.

142.

In February 2015, Rockdale County encouraged Corey and Enterprises to donate the Property to Rockdale County to allow the county to develop the Property for a performing arts, trade and convention center, mixed use retail, housing and shopping amenities, and hotels. In the marketplace the Property is not suited for such development.

143.

The long-time effort of the Defendants, except Kalanos, to prevent Corey and Enterprises to service heavy trucks in a zoning which allows automobile

service is a taking prohibited by the Fifth and Fourteenth Amendments to the Constitution of the United States.

**B.** **VIOLATION OF SUBSTANTIVE DUE PROCESS AS A RESULT OF ENACTMENT OF LEGISLATION WHICH IS BOTH ARBITRARY AND IRRATIONAL AGAINST ALL DEFENDANTS EXCEPT KALANOS IN THEIR INDIVIDUAL CAPACITIES**

144.

Substantive Due Process guarantees those rights "that are fundamental, that is, rights that are implicit in the concept of ordered liberty". See *McKinney v. Pate*, 20 F3d 1550, 1556 (11th Cir. 1994). Generally, land use rights are not ones established by the Constitution. See *Hillcrest Property, LLP v. Pasco County, 915 F3d 1292* (11th Cir. 2019).

145.

However, "[w]here a person's state-created rights are infringed by a 'legislative act', the Due Process Clause generally protects that person from arbitrary and irrational governmental action." *PBT Real Estate, LLC. v. Town of Palm Beach,* 988 F3d 1274, 1284 (11th Cir. 2021).

146.

The truck stop ordinance as amended is a legislative act which has no rational relationship to the health, safety, or welfare of the citizens of Rockdale County.

147.

The facts as alleged *supra* shows the legislative acts are arbitrary and capricious and has no substantial relation to public health, safety, morals, or general welfare. Such is a violation of substantive due process. See *Corn v. City of Lauderdale Lakes*, 997 F2d 1369, 1374-1375 (11th Cir. 1993) ("In the context of zoning regulations, the Eleventh Circuit has recognized a tailored substantive due process right of a property owner not to have use of his or her land 'restricted by reasons having no substantial relation to the public health, safety, morals, or general welfare' ").

148.

The truck stop ordinance also violates the STAA, and the ordinance is therefore void and of no force and effect. The Supremacy Clause of the Constitution is a fundamental right necessary to the operation of an orderly government, and therefore violates Substantive Due Process.

### C. **VIOLATION OF PROCEDURAL DUE PROCESS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT AGAINST ALL DEFENDANTS EXCEPT KALANOS IN THEIR INDIVIDUAL CAPACITIES**

149.

Procedural Due Process in a right guaranteed by the Fifth and Fourteenth Amendments to the Constitution.

150.

Procedural Due Process requires notice, hearing, and the right to be heard in a meaningful manner.

151.

Corey and Enterprises were notified of a hearing of the BOA at which they were heard, but not in a fair, impartial, and meaningful manner.

152.

The BOA sits in a quasi-judicial capacity. As such the BOA is limited to a decisional process based on admissible evidence presented. Georgia law requires the Rules of Evidence be followed.

153.

At the BOA hearing of November 4 and December 2, 2021, the following procedures were imposed on Plaintiffs:

a.   Time was limited to ten minutes to present each side of the case. This time was insufficient to allow the examination and presentation of admissible evidence.

b.   No evidence at all was presented by Rockdale County by sworn and admissible evidence.

c.   No witness was sworn or allowed to be cross examined.

d.   Hearsay in the form of affidavits, of which the Plaintiffs had no prior notice, was offered, and accepted.

e.   The public was allowed to speak and were not subject to cross examination.

f.   The public was allowed to scream from the audience their disapproval of arguments given by counsel for Plaintiffs.

g.   There was an obvious bias from the BOA in that Mr. Hammons stated the fact heavy trucks were being fueled at service stations not designed for heavy trucks was appropriate as the heavy trucks were local. See ¶ 73 *supra*

h.   The BOA was not restricted to the issues presented *i.e.,* whether the proposed QuikTrip facility met the ordinance definition of truck stop.

i.   Members of the BOA performed research on their own and considered such evidence in their vote.

154.

The action of the BOA deprived the Plaintiffs of a property interest.

155.

The deprivation was because of state action through its subdivision Rockdale County.

156.

The BOA was a constitutionally defective process and denied Procedural Due Process to the Plaintiffs.

## D. VIOLATION OF EQUAL PROTECTION GUARANTEED BY THE FOURTEENTH AMENDMENT AGAINST ALL DEFENDANTS EXCEPT KALANOS IN THEIR INDIVIDUAL CAPACITIES

157.

The Equal Protection of the law is a constitutionally guaranteed right pursuant to the Fourteenth Amendment to the Constitution.

158.

Equal Protection applies in zoning cases if similarly situated property is treated differently. See _Gary v. City of Warner Robins_, 311 F.3d 1334, 1337 (11th Cir. 2002).("Equal Protection applies in a zoning case where a person is treated differently than the class of which he is a member. In some cases, he may be a

member of a class of one. 'The Equal Protection Clause requires that the government treat similarly situated persons in a similar manner' ").

159.

Corey and Enterprises are members of a class of persons where property is zoned by Rockdale County as C-2, which allows a convenience store and the sales of fuel to the traveling public along major thoroughfares in Rockdale County.

160.

The Defendants have allowed other members of the class who operate such businesses to service and fuel heavy trucks while denying the Plaintiffs the same right on their property.

161.

Examples of the unequal treatment are shown in the attached photographs, which show other commercially zoned convenience stores servicing and fueling the same type of heavy trucks which is prohibited to Plaintiffs on the Property. See Exhibit G attached hereto and incorporated by reference herein. These photographs show the following:

  a.   a heavy truck refueling at 2291 Sigman Road unincorporated Rockdale County. This location is within a half-mile from the Property.

b.      a separate diesel fueling station at 1804 Flat Shoals Road showing a heavy truck and a separate truck diesel fueling station. This location is with 9.5 miles from the Property.

c.      a heavy truck refueling at 1744 Georgia Highway 138 showing a heavy truck refueling. This location is 5.8 miles from the Property.

d.      a heavy truck preparing to refuel at 4875 Georgia 20 North. This location is 10.8 miles from the Property.

e.      a heavy truck refueling at 1744 Georgia Highway 138. This location is 5.8 miles from the Property.

162.

The action of allowing other C-2 zoned convenience stores and fuel facilities is not a matter of discretion or executive action but rather a custom, practice or protocol by Defendants aimed solely at Corey and Enterprises.

### E. CAUSATION AND DAMAGES

163.

The actions of Rockdale County and the Individual Defendants (except Kalanos) in their individual capacities in enacting the truck stop ordinances contrary to the laws and Constitution fairly caused the loss of value of the Property and deprived the Plaintiffs of the use of the Property. This action caused damages in an amount to be proved at trial.

164.

The actions of Rockdale County and the Individual Defendants in their individual capacities (except Kalanos) fairly caused the Plaintiffs special damages in amount to be proved at trial.

### F. **IMMUNITY**

165.

In Count I, Rockdale County is not entitled to qualified or sovereign immunity as Count I is an action for injunction. See *Ratliff v. Dekalb Cnty.,* 62 F3d 338, 340 n. 4 (11th Cir. 1995 ("Because qualified immunity is only a defense to personal liability for monetary awards resulting from government officials performing discretionary functions, qualified immunity may not be effectively asserted as a defense to a claim for declaratory or injunctive relief.") See also *1983 Const Georgia Art. 1, § 2, ¶ V* (Sovereign immunity waived for injunction and declaration of unconstitutionality of a state, county, or municipal law which violates the Constitution of Georgia or the Constitution of the United States).

166.

Rockdale County and the Individual Defendants are not entitled to qualified immunity, as the Surface Transportation Assistance Act was enacted by Congress

in 1982, and clearly prohibits the denial of access by a defined truck within one mile from the interstate to fuel, food, and rest.

167.

Further, the law was clearly established that the taking either in whole or in part of property by the Defendants was unconstitutional.

168.

The law also clearly established that the denial of a procedural due process and equal protection by the Defendants was clearly established.

169.

Rockdale County and the Commissioners in their individual capacities are not entitled to legislative immunity because the enactment of the truck stop ordinance was pre-empted by federal law and was therefore void *ab initio*.

## COUNT III

## ATTORNEY FEES AND COST OF ACTION AGAINST ALL DEFENDANTS EXCEPT KALANOS

170.

This Count is brought pursuant to 42 U.S.C. § 1988(b) and O.C.G.A. 13-6-1.

171.

42 U.S.C. § 1988(b), allows the Court to impose reasonable attorney fees as part of the recovery under 42 U.S.C. § 1983.

172.

The Court should exercise its discretion and award attorney fees for the maintenance of this action in such an amount as is reasonable and may be proved to the Court or jury.

173.

The jury should allow attorney fees pursuant to O.C.G.A. § 13-6-11 as the Defendants have "acted in bad faith, ha[ve] been stubbornly litigious, or ha[ve] caused the plaintiff[s] unnecessary trouble and expense" as shown by the allegations in this Complaint.

**WHEREFORE,** the Plaintiffs pray as follows:

a.   That process issue and the Defendants be served as prescribed by law and the Federal Rules of Civil Procedure;

b.   That the Court declare in Count I and enjoin on a preliminary and permanent basis the enforcement of the truck stop ordinances of Rockdale County as the same conflicts with the laws of the United States;

c.    That Plaintiffs recover Rockdale County and the Individual Defendants (except Kalanos) damages for the violation of 42 U.S.C. § 1983 as set forth in Count II;

d.    That Plaintiff recover costs and attorney fees pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11 against all Defendants except Kalaonos;

e.    That Plaintiffs have a trial by jury of all issues properly triable by such; and

f.    That the Plaintiffs have any and all other relief the Court may deem just and proper in the premises.

This 28th day of September 2022.

*/s/ Roy E. Barnes*
**ROY E. BARNES**
Georgia Bar No. 039000

*Counsel for William E. Corey and U.S. Enterprises, Inc.*

**BARNES LAW GROUP, LLC**
31 ATLANTA STREET
MARIETTA, GEORGIA 30060
770.419.8505 Phone
770.227.6373 Fax
roy@barneslawgroup.com

## DECLARATION OF WILLIAM E. COREY PURSUANT TO 28 U.S.C. § 1746

**COMES NOW,** William E. Corey and declares and states as follows:

1.   My name is William E. Corey.

2.   I am a citizen of Rockdale County, the State of Georgia and the United States of America.

3.   I am of majority, suffering under no disability, and have the ability to execute this Declaration.

4.   I am the sole shareholder of U.S. Enterprises, Inc. and am authorized by U.S. Enterprises, Inc. to make the statements and representations in this Declaration.

5.   I have personal knowledge of the facts alleged in the Complaint to which this Declaration is attached.

6.   The facts as stated in the Complaint are true and correct.

7.   The legal statements contained in the Complaint are those of my counsel, of which I have no knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

This 26 day of September, 2022

William E. Corey **personally and on behalf of U.S. Enterprises, Inc.**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 5.1(C) the undersigned certifies the font used in the foregoing complaint is Times New Roman 14 point. The undersigned further certifies the margins are in conformity with L.R 5. (E).

This 28th day of September 2022.

*/s/ Roy E. Barnes*
Roy E. Barnes
Georgia Bar No. 039000

*Counsel for William E. Corey and*
*U.S. Enterprises, Inc.*

**BARNES LAW GROUP, LLC**
31 ATLANTA STREET
MARIETTA, GEORGIA 30060
770.419.8505 Phone
770.227.6373 Fax
roy@barneslawgroup.com

- 1 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I have electronically filed the foregoing

**COMPLAINT** with the Clerk of Court using the CM/ECF system.

This 28th day of September 2022.

*/s/ Roy E. Barnes*
**ROY E. BARNES**
Georgia Bar No. 039000

*Counsel for William E. Corey and*
*U.S. Enterprises, Inc.*

**BARNES LAW GROUP, LLC**
31 ATLANTA STREET
MARIETTA, GEORGIA 30060
770.419.8505 Phone
770.227.6373 Fax
roy@barneslawgroup.com

- 1 -